IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**FRANCIS EUGENE WHITE, #K6563**                                   **PETITIONER**

versus                                           CIVIL ACTION  NO.  1:04-CV-653DMR-JMR

**LAWRENCE KELLY, Superintendent;**
**and JIM HOOD, Attorney General**                                  **RESPONDENTS**

<u>ORDER DENYING IN PART PETITIONER'S MOTION FOR A CERTIFICATE OF</u>
<u>APPEALABILITY AND MOTION FOR REHEARING [DOC. NO. 61-1]</u>

BEFORE THE COURT is the Motion of the Petitioner, Francis Eugene White, for a Certificate of Appealability and Motion for Rehearing [Doc. No. 61].  And the Court, having carefully considered the motions and arguments therein, the Respondents' Response, as well as the applicable case law and the record herein, is of the opinion that the motion is not well taken and should be denied inasmuch as it seeks rehearing relief.  As for the request for the issuance of a certificate of appealability, the court will not rule at this time.

DISCUSSION

On February 27, 2007, this Court entered an Order and Final Judgment [Doc. Nos. 59 and 60] which dismissed the Petition filed in this cause with prejudice.  The Petitioner has now filed a Motion for rehearing asking that this court reconsider its ruling dismissing the petitioner filed herein with prejudice.

The United States Court of Appeal for the Fifth Circuit has delineated the different standards of review used to consider a Motion for Reconsideration or "Re-hearing"under Rule 59(e) or 60(b).  The distinction is drawn by when the motion is filed.  *See Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167 (5th Cir. 1990); *see also Teal v. Eagle Fleet, Inc. v. Penrod Drilling Corporation*, 933 F.2d 341, 347 n.3 (5th Cir.  1991); *State Line Fishing &*

*Hunting Club v. Waskom, Texas*, 754 F.Supp. 1104, 1108-9 (E.D. Tex. 1991). A motion for reconsideration filed within ten (10) days after a final judgment is rendered will be treated as a motion to alter or amend pursuant to Rule 59(e). Any motion for reconsideration filed outside of the ten (10)-day limitation will be treated as if it were a Rule 60(b) motion. *Waskom*, 754 F.Supp. at 1108. As the Petitioner's motion was filed within ten days of the Court's final judgment, it and will be treated as a motion to alter or amend judgment pursuant to Rule 59(e).

There are three grounds relevant to a motion for reconsideration: 1) an intervening change in controlling law; 2) the availability of new evidence not previously available, and 3) the need to correct a clear error of law or prevent manifest injustice. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss.1990); *see also Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

Reviewing the record before the Court and the Petitioner's motions and exhibits, the Petitioner cites no specific credible evidence to support any of the three grounds in this case. Rather, the Petitioner is merely reasserting the arguments previously submitted in his habeas petition filed in this cause along with various magazine and newspaper articles and a map. Accordingly, the petitioner has not proven any of the grounds required by Rule 59(e), and this Court finds that there is no reason to alter its previous ruling and said motion for rehearing will be denied. However, the Court will not address the Petitioner's Motion for a Certificate of Appealability at this time as a Notice of Appeal has not been filed. *See* Rule 4 and Rule 22 of the Federal Rules of Appellate Procedure. The Petitioner is cautioned that the time within which he may perfect his timely notice of appeal is still running.

**IT IS, THEREFORE ORDERED AND ADJUDGED** that the Motion of the Petitioner, Francis Eugene White, for Rehearing [Doc. No. 61], be and is hereby **DENIED,** and the Court will not rule on the pending relief sought in the motion for a Certificate of Appealability [Doc. No. 61] at this time.

**SO ORDERED AND ADJUDGED** this the   21st   day of March, 2007.


/S/   **DAN M. RUSSELL, JR.**
**UNITED STATES DISTRICT JUDGE**